139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ricky BELL, Plaintiff-Appellant,
v.
Salvador GODINEZ, Thomas Roth, Dennis Jennings, and the
Illinois Department of Corrections, Defendants-Appellees.
 No. 96-3379.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1998*.
Decided Feb. 9, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 92 C 8447.
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Ricky Bell, an inmate at the Stateville Correctional Center, brought this action under 42 U.S.C. § 1983 claiming violations of his Eighth Amendment rights. The district court granted summary judgment in favor of the defendants, and subsequently denied Bell's motion to reconsider. Bell appeals. We affirm in part, and vacate and remand in part for further consideration in light of recent case law.
 
 
 2
 Bell's appeal relates to two of his § 1983 claims. First, he claimed that the ventilation in his cell was so poor that he was at risk of contracting AIDS or tuberculosis from airborne matter. The district court held that Bell had failed to present any objective evidence that such a risk exists. We agree, and affirm the district court's judgment as to this claim.
 
 
 3
 The second claim is more serious. Bell avers that during the winter months of 1990, 1991, 1992 and 1993, the defendants failed to provide his cell with sufficient heat, with the result that it was cold enough that ice formed on the walls of his cell and he could see his breath. Bell states that he and other prisoners living on the first floors of the H unit (whose affidavits are contained in the record) repeatedly complained about the lack of heat in the unit to correctional officers including the defendants, but that nothing was done. The district court granted summary judgment in the defendants' favor on this claim, ruling that cold temperatures standing alone were not "sufficiently serious" to constitute an Eighth Amendment violation under Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In denying Bell's motion to reconsider, the district court relied in part upon the fact that three other judges in the same district had granted summary judgment in favor of the defendants on similar claims involving cold temperatures.
 
 
 4
 During this pendency of this appeal, we issued an opinion reversing one of the cases upon which the district court relied. Dixon v. Godinez, 114 F.3d 640 (7th Cir.1997). The facts and claim in Dixon are almost identical to those presented in this case. Like Bell, Dixon resided on the first floor of the H unit of Stateville, and complained that the temperatures in his cell during the winters of 1990 through 1993 were so cold that ice formed on the walls of his cell and his extremities became freezing cold.[1] The district court in Dixon granted summary judgment on two grounds: that cold temperatures standing alone were not enough to violate the Eighth Amendment, and that Dixon had bedding and some extra clothing with which to fight the cold--the identical grounds cited by the district judge here. Our opinion in Dixon made clear, however, that neither of these grounds is dispositive. First, although several successful cold-temperatures cases have involved other serious problems as well, the existing precedent does not demonstrate that cold temperatures by themselves can never reach the level of a constitutional violation. Rather, courts should consider several factors in evaluating cold-cell claims. Id. at 643-44. One such factor is the duration of the cold. Here, as in Dixon, the cold temperatures existed throughout the winter months over a period of four years. Second, although the inmate's possession of bedding and extra clothing is relevant to the court's evaluation of the cold, the question "is not simply whether the inmate had some alternative means of warmth, but whether the alternative was adequate to combat the cold." Id. at 643.
 
 
 5
 Dixon is relevant authority that had not been issued at the time the district court granted summary judgment, and we therefore vacate that portion of the district court's judgment relating to Bell's cold-cell claim and remand for reconsideration in light of Dixon. The portion of the district court's judgment relating to Bell's ventilation claims is affirmed.
 
 
 6
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 Pursuant to Fed.R.App.P. 31(c), this appeal proceeded without briefing or argument by the appellee. The appellant filed both an initial brief and a "reply" brief. After an examination of the appellant's briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on those briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f.)
 
 
 [1]
 Dixon also claimed that the average temperature in his cell was forty degrees, an assertion that the defendants did not deny. In the present case, Bell does not know the exact temperature of his cell. The defendants apparently did not take temperature readings in the H unit until 1994